UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND SMIDDY,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No. ED CV 10-1453 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred when he tacitly rejected the examining psychologist's opinion and concluded that Plaintiff could perform his prior work. For the following reasons, the Court agrees and remands the case to the Agency for further proceedings consistent with this opinion.

## II. BACKGROUND

Plaintiff applied for SSI in March 2006, alleging that he had been unable to work since January 2006, due to osteoarthritis, plantar

fasciitis, a bone spur on the spine, and bursitis of the shoulders. (Administrative Record ("AR") 95-100, 125.)  The Agency denied the application initially and again on reconsideration.  (AR 63-67, 71-75.)  Plaintiff then requested and was granted a hearing before an ALJ.  (AR 60.)  On July 23, 2008, Plaintiff appeared with counsel at the hearing and testified.  (AR 26-42.)  On August 29, 2008, the ALJ issued a decision, denying benefits.  (AR 15-25.)  After the Appeals Council denied Plaintiff's request for review (AR 6-9), he commenced this action.

### III.  ANALYSIS

Though broken down into four claims, the gist of Plaintiff's challenge to the ALJ's decision is that he ignored the opinion of examining psychologist Mark Pierce.  (Joint Stip. 3-7, 9-13, 15-18.)  In Plaintiff's view, Dr. Pierce's limitations precluded Plaintiff from performing his prior jobs.  The Agency disagrees.  It contends that the ALJ adopted Dr. Pierce's opinion in reaching his conclusion that Plaintiff could work.  For the following reasons, the Court sides with Plaintiff.

Dr. Pierce performed consultative psychological examinations of Plaintiff in May 2006 and May 2007.  (AR 267-73, 346-52.)  In both, he found that Plaintiff suffered from depressive disorder, not otherwise specified, that caused him to be limited in his ability to function in the workplace.  Critical to the Court's analysis here is a limitation to simple, repetitive work involving "simple one[-] and two[-]part instructions."  (AR 272, 352.)  The ALJ translated this limitation into "simple, repetitive tasks."  (AR 18.)  Plaintiff argues that the ALJ's failure to also include a limitation for simple one- and two-part instructions amounted to a tacit rejection of Dr. Pierce's

opinion.  The Agency contends that the ALJ's use of the phrase "simple, repetitive tasks" took into account this limitation.

The answer lies in the Dictionary of Occupational Titles ("DOT"). It categorizes reasoning that is limited to following one- and two-part instructions as Reasoning Level 1, i.e.:

> Apply commonsense understanding to carry out simple one- or two-step instructions.  Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

*See* DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702 (4th ed. rev. 1991).

Reasoning Level 2, on the other hand, applies to people who can:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.

*See* DOT No. 787.685-010; DOT, Appendix C, Components of the Definition Trailer, 1991 WL 688702 (4th ed. rev. 1991).

Thus, an individual who is limited to performing jobs involving one- and two-part instructions is limited to jobs requiring Reasoning Level 1.  The jobs cited by the vocational expert and relied on by the ALJ in concluding that Plaintiff could work--i.e., fast-food worker (DOT No. 311.472-010) and sales attendant (DOT No. 299.677-010)--require Reasoning Level 2 and 3, respectively.  Thus, they are well beyond Plaintiff's capacity.  *See Boltinhouse v. Astrue,* 2011 WL 4387142, at *2 (C.D. Cal. Sept. 21, 2011) (concluding that Dr. Pierce's restriction to work involving one- and two-part instructions precluded work involving Level 2 reasoning); *Reaza v. Astrue*, 2011 WL

1  999181, at *3-4 (C.D. Cal. Mar. 21, 2011) (same); *Murphy v. Astrue*,
2  2011 WL 124723, at *7 (C.D. Cal. Jan. 13, 2011) (same); *Watson v.*
3  *Astrue*, 2010 WL 4269545, at *4 n.4 (C.D. Cal. Oct. 22, 2010) (same);
4  *Grisby v. Astrue*, 2010 WL 309013, at *2 (C.D. Cal. Jan. 22, 2010)
5  ("Level 2 reasoning jobs may be simple, but they are not limited to
6  *one- or two-step instructions*.  The restriction to jobs involving no
7  more than two-step instructions is what distinguishes Level 1
8  reasoning from Level 2 reasoning."); *see also Garcia v. Astrue*, 2011
9  WL 2173806, at *2 (C.D. Cal. June 1, 2011) (concluding that Dr.
10 Pierce's restriction to work involving one- and two-part instructions
11 was consistent with Level 1 reasoning).
12      The Agency argues that this case is controlled by *Stubbs-*
13 *Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008).  There, a doctor
14 concluded that the claimant was limited to "slow pace" in both
15 thinking and acting and was moderately limited in her ability to
16 perform at a consistent pace, which the ALJ translated into "simple,
17 routine, repetitive sedentary work."  *Id*. at 1173.  This translation
18 was approved by the circuit, *id*. at 1173-74, and the Agency argues the
19 ALJ's similar translation in the case at bar should be approved here.
20 The Court does not see this case as controlling.  The doctor in
21 *Stubbs-Danielson* had limited the claimant to three-part instructions,
22 not one- and two-part instructions as here.  *Id*. at 1171.  Thus, the
23 claimant was less limited than Plaintiff, justifying a residual
24 functional capacity for simple, routine, repetitive sedentary work.
25 And the Agency's argument, even if accepted regarding the job of fast-
26 food worker, does not explain how someone who is limited to one- and
27 two-part instructions could perform the job of sales attendant, a
28 Level 3 reasoning job.

   Further, even if the Court were to side with the Agency on this issue, remand would still be warranted because the ALJ never addressed Dr. Pierce's other limitations, i.e., that Plaintiff would be able to adapt to only minimal changes in the work environment and would have moderate difficulty working effectively with others. (AR 352.) Presumably, these limitations would have some impact on both of Plaintiff's former jobs. According to the DOT, a sales attendant's duties include providing customer service and aiding customers. DOT No. 299.677-010. And fast-food workers are required to have considerable contact with customers, too. DOT No. 311.472-010. If, as the Agency argues, the ALJ accepted Dr. Pierce's opinion, he was required to address these limitations in reaching his conclusion that Plaintiff could perform these jobs.

   The ALJ also erred when he failed to explain the apparent contradiction between his finding that Plaintiff was limited to frequent reaching and handling, defined as from one-third to two-thirds of the time, and his finding that Plaintiff could perform the fast-food worker job, which requires constant reaching, meaning two-thirds or more of the time. (AR 18, 24-25); *see* SSR 83-10; DOT No. 311.472-010.

   Finally, the Court cannot say that these errors were harmless because it appears they impacted the ALJ's determination that Plaintiff was not disabled. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (holding relevant inquiry is whether ALJ's error was inconsequential to the ultimate nondisability determination).[1]

---

[1] Plaintiff asks the Court to remand the case for an award of benefits. The Court recognizes it has the authority to do so, *see McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989), but

IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the action is remanded to the Agency for further consideration consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: September 29, 2011.

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\SMIDDY, R 1453\Memo_Opinion.wpd

---

concludes that such relief is not warranted here. It is not clear to from the record that Plaintiff is, in fact, disabled. Contrary to the Agency's arguments in the brief, it appears to the Court, reading between the lines, that the ALJ intended to discount Dr. Pierce's findings and simply failed to articulate that fact in his decision. (AR 22 ("I give the greatest weight to the opinion of the State Agency [psychiatrist].").) If Dr. Pierce's findings were eliminated from the equation, Plaintiff would be hard pressed to establish that he is disabled. For these reasons, further proceedings are necessary to resolve the outstanding issues in this case. *See Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (holding remand for further proceedings was appropriate where the record contained additional unanswered questions regarding the applicant's eligibility for benefits).